UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARGARET E. DOCTOR, | No. EDCV 05-714 FFM |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying her application for a period of disability, disability insurance benefits, and Supplemental Security Income benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on August 15, 2005, the parties filed a joint stipulation detailing each party's arguments and authorities on March 27, 2006. Pursuant to this Court's September 22, 2006 order, the parties provided supplemental briefing regarding new evidence submitted by plaintiff after the decision of the Administrative Law Judge ("ALJ") was issued, but before that decision became final. The Court has reviewed the administrative record, the supplemental briefing, and the joint stipulation. For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

**PROCEDURAL HISTORY**

On or about January 10, 2002, plaintiff filed her application with the Social Security Administration alleging an onset of disability commencing December 10, 1999. (AR 51-53 and 161-64). Plaintiff's application was denied initially and on reconsideration. Plaintiff filed a request for a hearing before an ALJ. A hearing was held on June 26, 2003, resulting in a July 19, 2003 decision to deny benefits. (AR 10-17). After the Appeals Council denied plaintiff's ensuing request for review, plaintiff filed a complaint in the United States District Court. On October 4, 2004, the Court entered a judgment remanding the matter for further administrative proceedings. (AR 334-42).

ALJ Helen E. Hesse presided over the hearing on March 28, 2005. A medical expert, a vocational expert and plaintiff testified at the hearing. On April 1, 2005, the ALJ issued a decision denying benefits. The Commissioner invited plaintiff to file a complaint with this Court after the 61st day but before the 121st day of the ALJ's decision (AR 178). Plaintiff filed her complaint on August 4, 2005, the 115th day after the decision.

## CONTENTIONS

Whether the ALJ properly considered plaintiff's residual functional capacity.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402

U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

Dr. Conaty examined plaintiff in March 2002. At that time, he noted "no evidence of scoliosis." (AR 142). Dr. Conaty also noted that x-rays at the L4-L5 level showed "very early degenerative spondylolisthesis." (AR 144). Dr. Conaty concluded that the radiographic findings supported plaintiff's subjective complaints of back pain and pseudo-radiculopathy. Based on these findings, Dr. Conaty opined that plaintiff is limited in performing work related activities to lifting and carrying 20 pounds occasionally and 10 pounds frequently, standing and walking up to 6 hours in a 8-hour work day and sitting for six hours in an 8-hour work day. (AR 144).

Dr. David Pong, the State Agency Physician, opined that plaintiff was limited to occasional lifting and/or carrying of up to 20 pounds; frequent lifting and/or carrying up to 10 pounds; standing and/or walking about six hours in an 8 hour day; and sitting about six hours in an 8 hour work day. (AR 106).

The ALJ found that plaintiff's "moderate back degeneration with mild depressive reaction with physical condition" are severe impairments. (AR 184). Relying on the evaluations by Dr. Conaty and Dr. Pong, the ALJ found that plaintiff "has a residual functional capacity to perform the full range of light work which specifically includes the following exertional and non-exertional limitations: she can lift and carry 20 pounds occasionally, 10 pounds frequently. She can stand and walk 6 hours in an 8-hour day, sit 6 hours in an 8-hour day. She can occasionally climb, bend, balance, stoop, kneel, crouch and crawl. She can perform moderately complex tasks up to 4-5 steps. She should not be in charge of safety operations of others and should

not work where hyperdiligence is required." (AR 183).

On the same day the ALJ issued her decision, plaintiff mailed to the ALJ additional medical records. The additional records were received three days after the date of the decision. The additional medical evidence submitted by plaintiff included a report of x-rays taken on November 7, 2003, over a year and a half after Dr. Conaty performed his examination. The x-rays arguably demonstrate further degeneration of plaintiff's back condition, including osteophyte formation and narrowing of disc spaces throughout the lumbar spine with a 2 millimeter anterolisthesis of L4 and L5; rotoscoliosis of the lower thoracolumbar spine, and degenerative changes throughout the left sacroiliac joint. (*See* AR 288).

Because the additional medical records called into question the validity of Dr. Conaty's reliance on the earlier x-rays, the Court ordered supplemental briefing from the parties addressing whether the additional records were properly in the record and, if so, what were the ALJ's obligations with respect to them. In their supplemental briefing, the parties agree that the additional evidence submitted by plaintiff is part of the record. Thus, this evidence should have been considered. *See Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993); 20 C.F.R. § 404.970(b) (providing that the Appeals Council shall evaluate the entire record, including new relevant evidence). Moreover, if the new evidence is material, the Court must remand the case to the ALJ for reconsideration. *See Booz v. Secretary of Health and Human Scrv.*, 734 F.2d 1378, 1380 (9th Cir. 1984). The new evidence is material if there is a "reasonable possibility" that it would have changed the outcome of the administrative proceedings. *Id.*

Here, the new evidence very well may have called the conclusions reached by Dr. Conaty into question. The increased severity of plaintiff's conditions as shown by the 2003 x-rays should have been addressed. Therefore, the Court concludes that the

///

new evidence created a "reasonable possibility" of changing the outcome of the ALJ's

1 determination and is material.

2 For the foregoing reasons, the judgment of the Commissioner is reversed and the matter is remanded pursuant to sentence 4 of 42 U.S.C. § 405(g) for a rehearing as to plaintiff's residual functional capacity that includes consideration of the new evidence submitted by plaintiff.

IT IS SO ORDERED.


DATED: August 7, 2008          /S/ FREDERICK F. MUMM
                                                        FREDERICK F. MUMM
                                            United States Magistrate Judge